# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 14-10040

———

GRADY ALLEN DAVIS,

Plaintiff - Appellant

v.

DSO F. HERNANDEZ; DSO CODY HILL,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2015

Lyle W. Cayce
Clerk

———

Appeal from the United States District Court
for the Northern District of Texas

———

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Grady Allen Davis is a Texas inmate who claims in this case that jail staff used excessive force against him, causing him injury and violating his constitutional rights. The district court granted summary judgment to the defendants because Davis failed to satisfy the statutory prerequisite under the Prison Litigation Reform Act of exhausting available administrative remedies prior to filing suit. We hold that, because there is evidence in the record that jail staff misled Davis as to the jail's grievance procedures and there is no evidence that Davis knew or reasonably should have known the correct procedures, summary judgment should not have been granted. We therefore reverse and remand.

No. 14-10040

## I.

The jail in Dallas County, Texas, where Davis was detained during the time relevant to this case, sets out its grievance procedures in an inmate handbook, which is in the record. According to the handbook, there are two steps in the grievance process. First, an inmate must file a written grievance with jail staff. Second, if the initial decision is adverse to the inmate, he is afforded an appeal.

The evidence is undisputed that Davis filed an initial grievance but did not file an appeal. That is because, as he stated in opposition to summary judgment, he was unaware that the jail's grievance process had a second step. He says that after his grievance was denied, he asked jail staff whether the grievance process has a second step and was told that it doesn't. Therefore, believing that he had exhausted the procedures, he filed this suit.

In the court below, the magistrate judge issued a report recommending that the defendants be granted summary judgment because Davis did not exhaust available grievance procedures. Among other things, the magistrate judge stated that, because Davis did not declare under penalty of perjury that the factual allegations he made in opposition to summary judgment (*i.e.*, about jail staff telling him that there wasn't a second step in the grievance process) were true and correct, his allegations could not be considered as evidence. *See, e.g.*, *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) (unsworn testimony is not competent summary judgment evidence); *but see* 28 U.S.C. § 1746 (unsworn testimony is competent summary judgment evidence if declared under penalty of perjury to be true and correct).[1]

---

[1] 28 U.S.C. § 1746 provides:

   Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification,

2

No. 14-10040

Davis objected to the magistrate judge's report. In his objections, he reasserted the same factual allegations he made in opposition to summary judgment (*i.e.*, that jail staff misled him) but this time declared under penalty of perjury that the testimony was true and correct.

The district court overruled the objections, adopted the magistrate judge's recommendation, granted summary judgment to the defendants, and dismissed the case with prejudice. The court, apparently mistakenly, stated that Davis had not introduced "any competent summary judgment evidence." The court did not acknowledge that Davis, on objection to the magistrate judge's report, reiterated his testimony while declaring it under penalty of perjury to be true and correct.

This appeal followed.

## II.

### A.

We review the district court's grant of summary judgment de novo. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010). To decide whether summary judgment is proper here, we must, as a threshold

---

certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".
(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

3

matter, determine what evidence in the record is to be considered. Of course, as a general matter, the competent evidence of the summary judgment nonmovant is to be accepted and credited. *Tolan v. Cotton*, 134 S. Ct. 1861 (2014) (per curiam). But here, because the testimony that Davis initially offered in opposition to summary judgment was neither sworn nor declared under penalty of perjury to be true and correct, it was not competent evidence. Once Davis reiterated his testimony on objection to the magistrate judge's report and declared under penalty of perjury that it was true and correct, it became competent evidence at that point. Had Davis initially submitted the evidence in competent form, there is no question that the court would have had to consider it. *See Cantwell v. Sterling*, 788 F.3d 507, 507 n.1 (5th Cir. 2015) (per curiam). However, because he did not submit the evidence in competent form until he objected to the magistrate judge's report, we must now determine whether it should still be considered.

In this circuit, when objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review. This court held in *Freeman v. Bexar County*, 142 F.3d 848, 852-53 (5th Cir. 1998), though, that the district court is not necessarily required to accept the new evidence. Rather, the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted. *Id. See also Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (per curiam) (applying *Freeman*).

Here, the district court did not exercise its discretion under *Freeman* to decline to consider the evidence Davis submitted on objection to the magistrate judge's report. Instead, the district court erroneously believed that there was simply not any competent evidence from Davis in the record. We could, therefore, vacate the district court's summary judgment and remand the case

with instructions that the district court decide in the first instance whether to accept the new evidence.  *Cf. Freeman*, 142 F.3d at 853 ("Because the district court here mistakenly concluded that he had no discretion to consider additional evidence, we must reverse and remand for his reconsideration in light of this opinion.").  We will not do so, however, because, for the reasons that follow, we conclude that the circumstances of this case are such that it would be an abuse of discretion to exclude the evidence from consideration.

First, importantly, Davis is pro se, and federal courts, this one included, have a "traditional disposition of leniency toward pro se litigants."  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam); *see also, e.g., Hulsey v. State*, 929 F.2d 168, 171 (5th Cir. 1991) ("The district court was appropriately lenient with Hulsey because of his status as a pro se plaintiff.").  Of course, this is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.  *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam) ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials.").  But, where the law affords courts discretion as to how a particular rule is to be applied, courts must exercise such discretion with leniency towards unrepresented parties.  Indeed, the Ninth Circuit, which follows our *Freeman* rule of discretion for evidence submitted on objection to a magistrate judge's report, *see United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), has held in several cases that it would be an abuse of discretion to exclude a pro se litigant's new evidence.  *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) ("[G]iven the circumstances under which this evidence was offered—a pro se plaintiff, ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him—it would have been an abuse of discretion for

5

the district court not to consider the evidence."); *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); *Johnson v. Gonzalez*, 520 F. App'x 573, 574 (9th Cir. 2013) (unpublished). The fact that Davis is pro se weighs heavily in favor of accepting his evidence submitted on objection to the magistrate judge's report. *Accord Barker v. Norman*, 651 F.2d 1107, 1128-29 (5th Cir. 1981) (holding that the district court abused its discretion when it granted summary judgment without affording pro se party an opportunity to correct an evidentiary deficiency).

Second, relatedly, we note that although Davis did not initially satisfy 28 U.S.C. § 1746 when he opposed summary judgment, he came close. The statute requires an attestation that is "substantially" in the prescribed form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." Davis offered to take a polygraph examination to prove that his testimony was truthful, which we think suffices to declare that his testimony is true and correct even though he didn't use the statute's favored words. Davis did not so declare *under penalty of perjury*, though. This is a violation, but should not be an irreparable one. When a violation of this nature is committed by an unrepresented litigant who corrects the error promptly upon learning of it, as did Davis, there is an especially compelling case for the court to exercise its discretion to excuse the error. *See Gordon*, 622 F.2d at 123 ("[P]ro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys . . . ."); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (unpublished) ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.").

Third, we also find it important that the substance of the testimony offered on objection to the magistrate judge's report had not changed from that of the testimony initially offered.  An attestation under 28 U.S.C. § 1746 was added, but the facts remained the same.  This means that we cannot fault Davis for "us[ing] the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman*, 142 F.3d at 852 (stating that litigants cannot do so).  It also means that there is no possibility of prejudice to the defendants if the evidence is accepted.  *See Performance Autoplex II Ltd.*, 322 F.3d at 862 (considering the likelihood of unfair prejudice).  The defendants cannot claim, for example, unfair surprise.  They face the same testimony as they faced at first, only now declared under penalty of perjury to be true and correct.  These factors, too, weigh in favor of accepting the evidence.

Fourth, we consider the importance of the evidence submitted on objection to the magistrate judge's report.  *See id.* (considering the importance of the evidence).  Here, it matters that Davis's *entire* evidentiary response to the exhaustion defense is at issue.  If his evidence is excluded, he will be left speechless against an affirmative defense that calls for dismissal of the case.  In such circumstances, the evidence should not be excluded absent strong countervailing factors, which we do not find here.

In the circumstances of this case, in which we perceive no foul play, inexcusable neglect, or other valid basis to exclude from consideration the testimony that Davis submitted on objection to the magistrate judge's report, we conclude that it would be an abuse of discretion to refuse to consider it.  That is, exclusion of the evidence would amount to "a clear error of judgment . . . upon a weighing of the relevant factors." *United States v. Walker*, 772 F.2d 1172, 1176 n.9 (5th Cir. 1985) (quoting the abuse of discretion definition in *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954)); *see also Commercial Credit Corp. v. Pepper*, 187 F.2d 71, 75 (5th Cir. 1951) (defining judicial discretion as

No. 14-10040

"what is right and in the interests of justice"). There is, therefore, no reason to remand to the district court to exercise *Freeman* discretion. We will now decide, taking the evidence into account, whether the defendants are entitled to summary judgment on their exhaustion defense. *See Cantwell*, 788 F.3d at 507 & n.1 (after concluding that the district court erred in failing to consider evidence, proceeding to appellate review of summary judgment based on the evidence); *Leggett v. Lafayette*, No. 14-10247, 2015 WL 1609145, at *2 (5th Cir. Apr. 10, 2015) (unpublished) (same).

**B.**

Under the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates need not exhaust all administrative remedies, however, but only those that are "available" to them. *See, e.g.*, *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004); *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). Whenever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him. *Cantwell*, 788 F.3d at 507; *Dillon*, 596 F.3d at 266.

The courts have developed an extensive body of law addressing the various circumstances that render grievance procedures unavailable within the meaning of the statute. *See, e.g.*, *Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003) (per curiam) (remedies unavailable because physical injury precluded timely grievance); *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003) (unpublished) (remedies unavailable because prison staff refused to provide grievance form); *Allard v. Anderson*, 260 F. App'x 711, 714-15 (5th Cir.

8

No. 14-10040

2007) (unpublished) (remedies unavailable because inmate didn't discover injuries until after he left jail).  Here, Davis testifies that he was unaware of the second step of the jail's grievance process.  He further testifies that when he asked jail staff whether the grievance process had a second step, he was told that it didn't.  There are two oft-applied and well-established rules of unavailability that are applicable to these facts.

First, courts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures.  *E.g.*, *Leggett*, 2015 WL 1609145, at *3 ("[E]ven if Leggett was subjectively unaware of the procedures, the record sets out the substance of those procedures and indicates that the information was available to Leggett."); *Plaisance v. Cain*, 374 F. App'x 560, 561 (5th Cir. 2010) (unpublished) ("Plaisance's ignorance of the law does not relieve him of his obligation to comply with procedural requirements.").  Here, undisputed evidence shows that the jail's grievance procedures are published in an inmate handbook, which is in the record, and explained on jail television, and Davis does not contend that any circumstances precluded him from accessing either source.  Therefore, his ignorance of the grievance procedures, without more, is no basis to deem them unavailable.

The second relevant rule, however, provides a contrary result here, *viz.*: Grievance procedures *are* unavailable to an inmate if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process.  *E.g.*, *Dillon*, 596 F.3d at 268 ("[P]rison officials' statements concerning administrative remedies can render such remedies unavailable."); *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011) ("An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it.");

9

No. 14-10040

*Brown*, 312 F.3d at 112 ("The defendants concede that their failure to exhaust argument would have no merit if Brown was told to wait until the security investigation was complete before filing a grievance.  We agree."); *Brownell v. Krom*, 446 F.3d 305, 312 (2d Cir. 2006) ("Brownell's decision to abandon his reimbursement claim and pursue the grievance instead is directly traced to a prison official's advice to Brownell to follow that course.  As a result of heeding this advice, Brownell could no longer appeal his reimbursement claim . . . because the time for doing so had then passed.  In this special circumstance, we can hardly impute the frustration of administrative appellate review to Brownell.") (citation omitted); *Gaspard v. Castillo*, No. 1:08-CV-1484, 2011 WL 149366, at *5 (E.D. Cal. Jan. 18, 2011) (rejecting exhaustion defense based on evidence that the plaintiff was misinformed about grievance procedures); *Shaw v. Jahnke*, 607 F. Supp. 2d 1005, 1009, 1011 (W.D. Wis. 2009) (same); *Born v. Monmouth Cnty. Corr. Inst.*, No. 3:07-CV-3771, 2008 WL 4056313, at *4 (D.N.J. Aug. 28, 2008) (same); *Lewis v. Cunningham*, No. 1:05-CV-9243, 2007 WL 2412258, at *2 (S.D.N.Y. Aug. 23, 2007) (same).

The application of that rule here is straightforward.  Davis testifies that jail staff told him that the grievance process includes only a single step—that he had no option to appeal—and he, relying on that misrepresentation, did not file an appeal.  Based on the record of this case, we see no reason that Davis should not be entitled to rely on the representations of his jailers.[2]  *See Brown*,

---

[2] We do not imply that jail staff misrepresentations necessarily always render grievance procedures unavailable.  If Davis *actually knew* that the grievance process had a second step, then, despite the jail staff misrepresentation otherwise, we doubt there would be a basis to deem the second step unavailable.  Or, if there were factual circumstances such that Davis *reasonably should have known—despite the jail staff misrepresentation otherwise*—that the grievance process had a second step, then this, too, would present a different case than the one we consider today.  *Cf. Dillon*, 596 F.3d at 268-69 ("Unfortunately, we are unable to determine whether the district court's grant of summary judgment was appropriate, as no discovery has been conducted in this case and the record is fragmentary as a result.  First, there is not enough evidence in the record concerning what Dillon *knew or*

312 F.3d at 112-13 (inmates are "entitled to rely on instructions by prison officials that are at odds with the wording of [the facility's grievance policy]"); *cf. Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) ("[P]rison authorities may not employ their own mistake to shield them from possible liability."). Assuming Davis's testimony to be true, as we must on summary judgment, we conclude that the second step of the jail's grievance process was unavailable to him. Therefore, Davis was not required to exhaust the unavailable second step, and the defendants are not entitled to summary judgment on their exhaustion defense.

### III.

The district court's summary judgment is REVERSED. The case is REMANDED for further proceedings.

---

*could have discovered* about the [grievance] system . . . .") (emphasis added). Here, however, there is no basis in the record to conclude that Davis knew about the grievance process's second step, nor is there any basis to fault Davis for failing to discover that jail staff had misinformed him. Davis testifies that he inquired with *multiple* jail staff about a potential second step, and each one either misinformed him or, at the very least, did not help. There is no basis in the record of this case to conclude that Davis should have continued looking for another answer elsewhere.