# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50152

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2018

Lyle W. Cayce
Clerk

GARY CHARLES SMITH,

      Plaintiff - Appellant

v.

ANDREW J. PALAFOX, Medical Doctor,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-201

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Gary Smith appeals the district court's summary judgment in favor of Defendant-Appellee Dr. Andrew Palafox. Because we hold that Smith failed to provide competent summary judgment evidence in support of his claim of fraudulent concealment, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50152

## I.     Facts & Procedural History

Smith was a federal prisoner when he suffered a broken arm at La Tuna Federal Correctional Institution in Anthony, Texas.  Dr. Palafox performed surgery on Smith's arm on three separate occasions: January 17th, May 7th, and November 19th of 2013.  Smith was hospitalized for seventy-three days after the third operation and claims that he contracted two life-threatening infections as a result.

Smith filed a complaint in federal district court against Dr. Palafox on June 30, 2015, raising various medical malpractice claims.  Dr. Palafox filed an answer to Smith's complaint wherein he asserted that Smith's suit was barred by the Texas Medical Liability Act's two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE §§ 74.001(a)(13); 74.251(a).  In October 2015, Dr. Palafox filed a motion for summary judgment on limitations wherein he again alleged that Smith's suit was time-barred.  In November 2015, Smith filed a response and an amended response to Dr. Palafox's motion for summary judgment alleging entitlement to relief under the fraudulent concealment doctrine, an affirmative defense that tolls the statute of limitations in medical malpractice cases.  Smith attached his own sworn declaration to the amended response.  On December 9, 2015, Smith filed an amended complaint.  On June 3, 2016, Smith notified Dr. Palafox of his intended Designation of Experts wherein he attached the unsworn report of Dr. Raymond Vance.

On June 6, 2016, Dr. Palafox filed an amended motion for summary judgment, again asserting that Smith's claims were time-barred and that the statute of limitations ran two years after the second operation took place on

2

No. 17-50152

May 7, 2013.[1] Dr. Palafox attached Smith's notice of Designation of Experts and the accompanying unsworn report of Dr. Vance to his amended motion for summary judgment.[2] Dr. Vance's unsworn report provided that, after reviewing Smith's medical records and x-rays, he concluded that Dr. Palafox had "failed to exercise reasonable care in the initial two surgeries" in that he did not restore the bones to an anatomic position, used inadequate fixation techniques, and that the failures resulted from "[i]nadequate plate and screw selection." Dr. Vance opined, however, that Dr. Palafox properly performed the third surgery.

In opposition to Dr. Palafox's amended motion for summary judgment, Smith again alleged entitlement to the Texas fraudulent concealment doctrine. Smith contended that Dr. Palafox misrepresented the number of screws that would be used to attach metal plates to Smith's broken bones. Smith asserted that Dr. Palafox told him he would use eight screws, but he instead used six screws and never informed him otherwise. He claimed that the fraudulent concealment lasted until June 8, 2016, when Dr. Vance reviewed his x-rays and notified him that only six screws were used. Smith maintained that the alleged fraudulent concealment operated to toll the statute of limitations and thus his complaint was timely. He attached his own sworn declaration to his opposition to summary judgment. In his sworn declaration, Smith stated that Dr. Palafox told him he would use eight screws to attach the metal plates and that he assured him numerous times that the first two surgeries were successful until admitting before the third surgery that they were not.

---

[1] The parties agreed to dismiss all claims regarding the third operation and to proceed only on the claims involving the first two operations.

[2] It is relevant to note that Dr. Vance's report was only attached by Dr. Palafox as an exhibit to his June 2016 amended motion for summary judgment. Smith never entered Dr. Vance's unsworn report into evidence during the summary judgment proceedings.

## No. 17-50152

Smith then filed a motion for leave to file a supplemental unsworn expert report by Dr. Vance. Dr. Vance's supplemental unsworn expert report provided only that he would be critical of Dr. Palafox's performance of the surgeries regardless of how many screws were used. The magistrate judge granted Smith's motion and allowed the supplemental report to be filed into the record but nevertheless concluded that the report was not a sworn declaration and therefore not competent summary judgment evidence.

The magistrate judge issued a report and recommendation that Dr. Palafox's motion for summary judgment be granted on grounds that Smith's claims were barred by the applicable statute of limitations. In his report, the magistrate judge explained that Smith had failed to adequately plead because he did not "assert, or allege facts in his amended complaint to support, a defense of fraudulent concealment in avoidance of limitations even after Defendant had raised the limitations defense in his original summary judgment motion." The magistrate judge continued that Smith had produced no competent summary judgment evidence in support of his claims that Dr. Palafox had committed malpractice or negligence. The unsworn report of Dr. Vance that Dr. Palafox had attached as an exhibit to his amended motion for summary judgment did not qualify as competent summary judgment evidence because it did not comply with the applicable Federal Rules of Civil Procedure. The magistrate judge further opined that "[e]ven if the expert report were in a form constituting competent summary judgment evidence, [Smith] has provided no competent summary judgment evidence that [Dr. Palafox] actually knew that he had committed medical malpractice or been medically negligent in performing either [Smith's] January or May 2013 surgeries." The magistrate judge ultimately concluded that:

No. 17-50152

[Smith] has failed to carry his burden to establish fraudulent concealment tolling the limitations period on his medical malpractice/negligence claims or to raise a genuine question of material fact regarding such defense in avoidance of limitations… [and] viewing the record in this light, no rational trier of fact could find that [Smith's] limitations period was so tolled to render his claims timely.

Smith filed objections to the magistrate judge's report wherein he attached a sworn declaration by Dr. Vance. Dr. Vance's sworn declaration provided essentially the same opinion and information as his unsworn declaration—that Dr. Palafox did not adhere to the standard of care in the first two surgeries but did adhere in the third surgery. Smith also attached his personal sworn declaration which provided more of his own statements in support of his fraudulent concealment claim.

The district court adopted in part the magistrate judge's report and recommendation and granted Dr. Palafox's motion for summary judgment. In its reasons for judgment, the district court noted that it would not address the issue of whether Smith had properly pled fraudulent concealment because it could resolve the case on the narrower grounds that Smith had failed to provide competent summary judgment evidence in support of each element of his fraudulent concealment claim. The district court noted that Dr. Vance's unsworn report and unsworn supplemental report did not comply with Federal Rule of Civil Procedure 56's requirement that, for summary judgment evidence, all affidavits must be sworn. Additionally, the sworn report of Dr. Vance that Smith attempted to introduce for the first time in his objections to the magistrate judge's report did not constitute competent summary judgment evidence because it was filed without leave and in violation of the local rules of the Western District of Texas. *See* W.D. Tex. Civ. R. 7(f)(1). Citing *Cupit v.*

*Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994), the district court also noted its own discretion in refusing to consider evidence after a magistrate judge issues a report and recommendation. The district court observed that the statement in Smith's declaration that Dr. Palafox said he would use eight screws instead of six could be admitted as a party-opponent statement but could not be used to prove that Dr. Palafox knew he had committed medical malpractice or that he intended to conceal that he did. This is because Smith's statement that Dr. Vance told him that Dr. Palafox only used six screws and not eight was inadmissible hearsay in that it was an out-of-court statement being used for the truth of the matter asserted—thus, the hearsay statement could not be used to impeach or contradict the party-opponent statement. To the extent that Dr. Vance stated as much in his own unsworn and sworn reports, those reports were not considered competent summary judgment evidence for reasons previously explained. The district court further concluded that Dr. Palafox's statements that the first two surgeries were successful did not show that he knew he had committed malpractice or that he intended to conceal that he did because there was no evidence that Dr. Palafox knew the statements were false when he made them. *See Shah v. Moss*, 67 S.W.3d 836, 845–46 (Tex. 2001); *Earle v. Ratliff*, 998 S.W.2d 882, 889 (Tex. 1999). Finally, the district court noted that Smith's "reliance" argument failed because the Texas Supreme Court does not require a plaintiff to rely on a defendant's deception to prove fraudulent concealment. The district court concluded that Smith's objections to the magistrate judge's report and recommendation did "not save his claims from summary judgment because [Smith] failed to establish the elements of fraudulent concealment." Smith filed this appeal.

No. 17-50152

## II.     Standard of Review

This court reviews the district court's grant of summary judgment de novo.  *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). "To decide whether summary judgment is proper here, we must, as a threshold matter, determine what evidence in the record is to be considered." *Id.* "[A]s a general matter, the competent evidence of the summary judgment nonmovant is to be accepted and credited." *Id.* But if "the testimony that [the nonmovant] initially offer[s] in opposition to summary judgment [is] neither sworn nor declared under penalty of perjury to be true and correct, it [is] not competent evidence." *Id.*; *see also Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) ("To avoid the use of materials that lack authenticity or violate other evidentiary rules, the new rule allows a party to object 'that the material cited to support or dispute a fact cannot be presented in a form that would be admissible [in] evidence.'" (quoting Fed. R. Civ. P. 56(c)(2))).

## III.     Discussion

Smith first argues that Dr. Vance's unsworn expert reports were admissible evidence and should have been considered in support of his opposition to summary judgment.  Second, Smith argues that "[i]f Dr. Vance's reports are considered together with [his own] declarations, they are sufficient to establish malpractice, knowledge by defendant of malpractice, and concealment."  Smith also argues that the district court abused its discretion in declining to consider his submissions after the magistrate judge issued his report and recommendation.  Finally, Smith argues that the Federal Rules of Civil Procedure do not require that he raise an affirmative defense of fraudulent concealment in either his complaint or amended complaint.  We address each of Smith's arguments in turn.

No. 17-50152

Negligence and malpractice claims are governed by the Texas Medical Liability Act's two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE §§ 74.001(a)(13); 74.251(a). "[T]he limitations period for medical negligence claims [is measured] from one of three dates: (1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization." *Shah*, 67 S.W.3d at 841. A plaintiff is not entitled to "choose the most favorable date" of the three categories. *Id.* "Rather, if the date the alleged tort occurred is ascertainable, limitations must begin on that date." *Id.* Moreover, if the date is ascertainable, there is no further inquiry into the second and third categories. *Id.*

In medical-negligence cases, fraudulent concealment "estops a health-care provider from relying on limitations to bar a plaintiff's claim." *Id.* The plaintiff is required to prove that "the health-care provider actually knew a wrong occurred, had a fixed purpose to conceal the wrong, and did conceal the wrong from the patient." *Id.* If successfully proven, "[f]raudulent concealment tolls limitations until the plaintiff discovers the fraud or could have discovered the fraud with reasonable diligence." *Id.* "A plaintiff who asserts fraudulent concealment to avoid summary judgment on limitations grounds must raise a fact issue that would support this assertion." *Id.*

Smith's first argument that the district court should have credited Dr. Vance's unsworn expert reports as competent summary judgment evidence is unsupported by the Federal Rules of Civil Procedure. Smith asserts that expert reports need not be sworn under Federal Rule of Civil Procedure 26(a)(2)(B). Rule 26, however, pertains to discovery. Fed. R. Civ. P. 26. While it is true that Rule 26 does not provide an express requirement that a report be sworn, it does not alter Rule 56's requirement that evidence proffered in opposition to summary judgment must be sworn or declared under penalty of

perjury, or the proponent must otherwise show that a statement could be reduced to admissible evidence at trial.[3] *See Davis*, 798 F.3d at 292 (noting that "because the testimony that [the nonmovant] initially offered in opposition to summary judgment was neither sworn nor declared under penalty of perjury to be true and correct, it was not competent evidence"); *see also Lee*, 859 F.3d at 355 ("To avoid the use of materials that lack authenticity or violate other evidentiary rules, the new rule allows a party to object 'that the material cited to support or dispute a fact cannot be presented in a form that would be admissible as evidence.'" (quoting Fed. R. Civ. P. 56(c)(2))).  Dr. Vance's expert reports were not sworn or made under penalty of perjury and Smith has not explained how the reports could be reduced to admissible evidence at trial.[4] Consequently, the district court did not err in excluding Dr. Vance's unsworn reports on grounds that they did not constitute competent summary judgment evidence.[5] *See Davis*, 798 F.3d at 292.

Smith's contention that the district court should have considered Dr. Vance's sworn declaration to be competent summary judgment evidence also fails.  The district court properly declined to consider the declaration for

---

[3] Federal Rule of Civil Procedure 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *See also* Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.").

[4] Further, the reports did not comply with Rule 26 because they did not contain the medical records, reports and x-rays that Dr. Vance stated he relied upon in forming his expert opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) (noting that expert reports should include "the facts or data considered by the witness" in forming the expert opinion).

[5] Smith argues that because Dr. Palafox attached Dr. Vance's unsworn expert report to his motion for summary judgment, Smith is entitled to rely on it as competent summary judgment evidence.  This argument is unavailing, however, because regardless of how the report appeared in the summary judgment proceedings, it failed to comply with Rule 56's requirement that it be sworn.  Dr. Palafox's attachment of the unsworn report as an exhibit to his amended motion for summary judgment does not cure this defect.

several reasons, including Smith's failure to file the evidence in accordance with the local rules[6] and Smith's numerous prior opportunities to submit the declaration before the magistrate judge issued a report and recommendation. Moreover, "the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted" after the magistrate judge issues his report and recommendation. *See id.* ("In this circuit, when objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review [but] the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted."); *see also Cupit*, 28 F.3d at 535 n.5 ("[A] party has a duty to put its best foot forward before the Magistrate Judge-i.e., to spell out its arguments squarely and distinctly-and, accordingly, that [] party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge[.]" (internal quotation marks omitted)). Thus, the district court was within its discretion in rejecting Dr. Vance's sworn declaration. *See id.*

Finally, Smith's argument that his own declarations, in conjunction with Dr. Vance's expert reports, were sufficient to establish malpractice and concealment, is also meritless. As the magistrate judge and district court noted, much of the content of Smith's declarations constitutes inadmissible hearsay. The Federal Rules of Evidence define hearsay as a statement that

---

[6] Local Rule 7 provides: "Generally. A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed." W.D. Tex. Civ. R. 7(f)(1).

"the declarant does not make while testifying at the current trial or hearing" that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Smith's statement that he learned from Dr. Vance that Dr. Palafox used six screws instead of eight screws and did not follow standard medical techniques in performing the surgeries falls within the scope of this hearsay prohibition. *Id*. Although Smith's statement that Dr. Palafox told him he would use eight screws to attach the metal plate is admissible as a statement against a party opponent under Federal Rule of Evidence 801(d)(2)(A), such a statement alone does not raise a material fact issue as to whether Dr. Palafox misled Smith or committed malpractice, as would be necessary to support his fraudulent-concealment allegation. *See Shah*, 67 S.W.3d at 846 ("The affidavit, however, does not allege any facts suggesting that [the doctor] knew, after the . . . surgery, that he was negligent and that he concealed this known wrong to deceive [the plaintiff]."); *Earle*, 998 S.W.2d at 889. Additionally, as the district court noted, Smith's assertion in his declaration that Dr. Palafox told him that the first two surgeries were successful does not show that he knew he had committed malpractice or that he intended to conceal that he did because no evidence was presented that he knew the statements were false when he made them. *See Shah*, 67 S.W.3d at 846 ("[T]his evidence does not show, or even suggest, that [the doctor] made these assurances to conceal a known wrong or to deceive [the plaintiff]."); *see also Earle*, 998 S.W.2d at 889 ("[The plaintiff] offers no evidence, direct or circumstantial, that [the doctor] actually knew these statements were in fact false when he made them, let alone that [the doctor's] purpose in making them was deceit. . . . [the plaintiff] has offered no summary judgment evidence that [the doctor] acted fraudulently by concealing a known wrong."). Accordingly,

No. 17-50152

the district court did not err in declining to consider Smith's declarations to support his claims of fraudulent concealment. *See Davis*, 798 F.3d at 292.[7]

## IV. Conclusion

Because Smith failed to provide competent summary judgment evidence in support of each element of his fraudulent concealment claim, we affirm the district court's summary judgment in favor of Defendant-Appellee Dr. Andrew Palafox.

---

[7] Although Smith makes arguments in his brief rebutting the magistrate judge's conclusion that he failed to properly plead his fraudulent concealment defense, the district court properly rendered summary judgment on other grounds. Thus, it is unnecessary for this court to address the issue.