# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30344

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2018

Lyle W. Cayce
Clerk

CHADWICK WRIGHT,

> Plaintiff - Appellant

v.

WILLIAMS SMITH, Lieutenant, Suing in personal capacity; GARY AYMOND, Captain, Suing in personal capacity,

> Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 2013-CV-775

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Chadwick Wright, Louisiana prisoner # 368195, filed a pro se civil rights complaint, under 42 U.S.C. § 1983, against several prison officials: Lieutenant William Smith,[1] Captain Gary Aymond, Nurse Supervisor Katherine Bell, and an unidentified "Jane Doe" medical technician employed at the prison. Wright alleges that, in April 2012, defendant Gary Aymond charged Wright with a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The correct spelling of Lt. Smith's first name is William, not Williams.

No. 16-30344

false retaliatory disciplinary report in response to Wright's exercise of his First Amendment right to seek redress of grievances and that, on June 30, 2012, defendant Aymond and the remaining defendants variously subjected Wright to an improper search, charged him with false and retaliatory disciplinary reports, subjected Wright to excessive force, and exhibited deliberate indifference to Wright's serious medical needs. The magistrate judge recommended, and the district court granted, summary judgment in favor of the defendants. *See Wright v. Smith*, No. 3:13-CV-775, 2016 WL 1032802 (Feb. 25, 2016). For the reasons given below, we affirm in part and vacate in part the district court's order and remand for further proceedings.

As an initial matter, in his appellate brief, Wright does not challenge the district court's dismissal of Wright's claims against Bell and Doe for failure to effect service of process. *See* Fed. R. Civ. Proc. 4(m). Nor does Wright challenge the district court's dismissal of his claims, as time-barred, pertaining to the events of April 2012. Likewise, Wright does not assert error regarding the district court's dismissal, on summary judgment, of Wright's Fourth Amendment claim against Aymond. By failing to challenge the district court's reasoning regarding these claims, Wright has abandoned any such claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."). Thus, the only claims remaining are Wright's claims against Smith and Aymond for excessive force, and against Aymond for retaliation, pertaining to the events of June 30, 2012. We turn to those now.

In the proceedings before the magistrate judge, Smith and Aymond moved for summary judgment, relying on the pleadings, affidavits, copies of the disciplinary reports, and portions of Wright's medical records. Wright opposed the motion for summary judgment, relying only on his own unsworn

2

declaration.  Importantly, Wright's unsworn declaration did not fully comply with the requirements of 28 U.S.C. § 1746(2).  Although Wright's declaration stated that the statements contained therein were, "true and correct," the declaration did not indicate that the statements were made "under penalty of perjury," as required by § 1746(2).  Thus, the magistrate judge held that Wright's declaration was not competent summary judgment evidence.  *Wright*, 2016 WL 1032802 at *1 n.2.[2]  Because, apart from his declaration, Wright had no evidence to oppose summary judgment, the magistrate judge considered only the defendants' summary-judgment evidence and concluded that Wright had not shown the existence of a genuine issue of disputed fact sufficient to preclude summary judgment.  As a result, the magistrate judge recommended summary judgment in favor of the defendants.

Wright timely objected to the magistrate's recommendation, arguing that he should be given an opportunity to correct the defect in his original declaration.  Along with his objections, Wright submitted an amended declaration for the district court's review.  In his amended declaration, Wright stated that his statements were made "under penalty of perjury," thus remedying the defect.

The district court agreed with the magistrate's recommendation, however, and granted the defendants' motion for summary judgment.  Although the district court's brief opinion indicated that the court reviewed and considered Wright's objection, it did not indicate whether the court considered Wright's amended declaration.

---

[2] We note that, following the 2010 amendments to Federal Rule of Civil Procedure 56, declarations and affidavits are only one way to support a fact for summary-judgment purposes, the key question being only whether the particular material can be presented in an admissible form.  *See Lee v. Offshore Logistical & Transport, L.L.C.*, 859 F.3d 353, 354–55 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(c)(1)).

Wright timely appealed.  He argues that the district court abused its discretion by not giving him an opportunity to properly support his assertions of fact in opposition to the defendants' summary-judgment motion.  He does not dispute the magistrate judge's determination that his original declaration was defective, but he argues that his amended declaration remedied the defects.  He also argues that the facts asserted in his amended declaration, which are substantially identical to those in his original declaration, preclude summary judgment on his excessive-force and retaliation claims.

"We review the district court's grant of summary judgment de novo.  To decide whether summary judgment is proper here, we must, as a threshold matter, determine what evidence in the record is to be considered."  *Davis v. Hernandez*, 798 F.3d 290, 292 (5th Cir. 2015) (citation omitted).  "Of course, as a general matter, the competent evidence of the summary judgment nonmovant is to be accepted and credited."  *Id.* (citation omitted).  When objecting to a magistrate judge's recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review.  *Id.*  In *Freeman v. Bexar County*, we held that the district court is not required to accept any such new evidence but has discretion to determine whether the new evidence should be accepted in the light of all pertinent circumstances.  *Id.* (citing *Freeman*, 142 F.3d 848, 852–53 (5th Cir. 1998)).  Thus, we review the district court's decision whether to permit the new evidence for abuse of discretion.

This appeal presents a situation nearly identical to that which we addressed in *Davis v. Hernandez.  See* 798 F.3d 290.  In *Davis*, a pro se inmate claimed that jail staff used excessive force against him, violating his constitutional rights.  *Id.* at 291.  The plaintiff opposed the defendants' motion for summary judgment using an unsworn declaration that did not declare "under penalty of perjury" that it was true and correct.  *Id.*  The magistrate

judge held that the plaintiff's declaration was not competent summary-judgment evidence. *Id.* When the plaintiff objected to the magistrate judge's recommendation, he submitted an amended declaration, which stated that the declarations were made under penalty of perjury. Nevertheless, like this case, the district court overruled the plaintiff's objections, adopted the magistrate judge's recommendation, and granted summary judgment to the defendants. The district court "did not acknowledge that Davis, on objection to the magistrate judge's report, reiterated his testimony while declaring it under penalty of perjury to be true and correct." *Id.* at 292. Because the plaintiff's amended declaration became competent summary-judgment evidence upon the plaintiff's declaration that it was made under penalty of perjury, and because the district court's opinion did not indicate whether the court had exercised its discretion, we held that the district court did not actually exercise its discretion under *Freeman* to decline to consider the amended declaration. *Id.* Such is the case here.

Although we noted in *Davis* that we could simply vacate the district court's summary judgment and remand the case with instructions that the district court decide in the first instance whether to accept new evidence, we further held that it would have been an abuse of discretion under *Freeman* to exclude the amended declaration. *Id.* at 292–93. In reaching that conclusion, we considered four factors. First, we noted, "importantly, Davis is pro se, and federal courts . . . have a 'traditional disposition of leniency toward pro se litigants.'" *Id.* at 293 (quoting *Spotville v. Cain*, 149 F.3d 374, 477 (5th Cir. 1998) (per curiam)). Second, "although Davis did not initially satisfy 28 U.S.C. § 1746 when he opposed summary judgment, he came close." *Id.* "When a violation of this nature is committed by an unrepresented litigant who corrects the error promptly upon learning of it, as did Davis, there is an especially compelling case for the court to exercise its discretion to excuse the error." *Id.*

Third, the substance of the amended testimony did not change from that of the original testimony. "An attestation under 28 U.S.C. § 1746 was added, but the facts remained the same." *Id.* at 294. Thus, there was no prejudice to the defendants. *Id.* Fourth, "it matters that Davis's *entire* evidentiary response to the [summary-judgment motion] is at issue. If his evidence is excluded, he will be left speechless against [the defendants' argument, which] calls for dismissal of the case." *Id.* at 294. Based upon these four factors, we held that the exclusion of Davis's evidence would be an abuse of discretion. *Id.*

All four considerations are present here. Wright is pro se. Wright's error here is the same as that in *Davis*. The substance of Wright's testimony did not change in his amended declaration, and thus there is no prejudice to the defendants. Finally, Wright's declaration is his "*entire* evidentiary response" to the defendants' motion for summary judgment. *See id.* Accordingly, under *Davis*, on remand, it would be an abuse of discretion for the district court not to consider Wright's amended declaration in evaluating whether the defendants are entitled to summary judgment.

For the foregoing reasons, the district court's grant of summary judgment is affirmed in part and vacated in part. To sum up what we have held, Wright has abandoned all claims except his excessive-force and retaliation claims against Smith and Aymond, pertaining to the events of June 2012 only. With respect to those claims, and those claims only, we vacate the district court's grant of summary judgment and remand for further proceedings not inconsistent with this opinion. Specifically, we remand for the district court to take in as evidence Wright's amended declaration and to consider whether Smith and Aymond are entitled to summary judgment in the light of the facts asserted therein. We affirm in all other respects.

AFFIRMED in part; VACATED in part; and REMANDED.