# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60525

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2018

Lyle W. Cayce
Clerk

HENRY HINTON, JR., and Others Similar Situated,

Plaintiff - Appellant

v.

DENNIS MARTIN; PREMIER SUPPLY LINK, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-616

Before DAVIS, COSTA, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Henry Hinton, Jr., Mississippi prisoner # 200283, appeals the district court's summary judgment in favor of defendants, Premier Supply Link, L.L.C., and its owner, Dennis Martin, who operate the prison commissary at Central Mississippi Correctional Facility. Hinton alleged that the defendants were state actors who: (1) deprived him and other inmates of their right against taxation without representation by charging city, county, and state tax

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on commissary purchases and (2) stole inmate account funds by electronically deducting fees without prior notice.  The defendants moved for summary judgment, asserting that Hinton failed to exhaust his administrative remedies before filing suit.  The district court granted the defendants' motion for summary judgment and dismissed Hinton's complaint without prejudice.  For the reasons set forth below, we VACATE and REMAND.[1]

This court reviews de novo a district court's grant of summary judgment. *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Under the Prison Litigation Reform Act (PLRA), inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action.  42 U.S.C. § 1997e(a).  The exhaustion requirement applies to all lawsuits which challenge prison conditions and is not limited to civil rights claims brought under 42 U.S.C. § 1983.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Furthermore, the PLRA's exhaustion requirement is mandatory, "foreclosing judicial discretion."  *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).

As the Supreme Court has noted, however, "the PLRA contains its own, textual exception to mandatory exhaustion."  *Id.* at 1858.  "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."  *Id.*  The Court further explained that an administrative remedy may be unavailable where (1) prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates," (2) the administrative scheme is "so opaque that it becomes, practically

---

[1] Because Hinton brought this in forma pauperis appeal prior to earning three strikes, the 28 U.S.C. § 1915(g) bar does not apply to this matter.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

speaking, incapable of use" by an ordinary prisoner, or (3) prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

In this matter, it is undisputed that prison officials rejected Hinton's grievances for the technical reason that the grievances allegedly contained multiple complaints. It is also undisputed that Hinton did not file corrected grievances. Hinton, thus, failed to complete the prescribed administrative procedure, as his grievances never progressed past the initial screening stage. Hinton asserts, however, that prison officials frustrated and impeded his exhaustion efforts by erroneously rejecting his grievances as raising multiple complaints; that he was unable to figure out how to correct and refile the grievances that, in fact, each contained only one complaint; and that there was no provision to appeal the procedural rejections. Hinton contends that, under such circumstances, the district court had discretion to excuse the exhaustion requirement and that his allegations raised an issue of material fact regarding whether the prison's grievance process was "available" to him.

As the district court determined, it has no authority to excuse an inmate's failure to exhaust under the PLRA. *Ross*, 136 S. Ct. at 1856. However, as Hinton contends and as set forth in *Ross*, the exhaustion requirement does not apply to administrative remedies that are unavailable to the inmate. Although Hinton has not cited *Ross*, we "liberally construe the briefs of pro se appellants," *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), and his allegations and arguments fairly raised the question whether the prison's administrative grievance procedure was "available" to him. The district court did not apply the standard set forth in *Ross* for determining whether the administrative remedies unexhausted by Hinton were "available" to him.

No. 17-60525

Based on the foregoing, we vacate the district court's summary judgment in favor of the defendants and remand this matter so that the district court may apply the standard set forth in *Ross* in the first instance and for further proceedings, as needed, on remand.

VACATED and REMANDED.