# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30075

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2020

Lyle W. Cayce
Clerk

LIONEL FRANCIS,

Plaintiff-Appellant

v.

CAPTAIN UNKNOWN BOEKER; STEPHANIE LAMARTINIERE; SERGEANT ROGER,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-496

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Lionel Francis, Louisiana prisoner # 470626, moves for leave to proceed in forma pauperis (IFP) on appeal from the final judgment dismissing his civil rights action. By moving to proceed IFP, Francis challenges the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3) that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The inquiry into whether the appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30075

is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

On appeal, Francis raises no argument as to whether the defendants were deliberately indifferent to his serious medical needs. Also, although he asserts that the district court erroneously granted summary judgment as to his claim under the Americans with Disabilities Act, he fails to address the district court's determination that those claims should be dismissed without prejudice because he did not exhaust administrative remedies. Further, he does not contest the district court's determinations that his claims as to defendants Boeker and Rogers should be dismissed without prejudice because he failed to effect timely service on those defendants and his claims against defendant Lamartiniere in her official capacity should be dismissed with prejudice on jurisdictional grounds; he also does not challenge the district court's decision not to exercise supplemental jurisdiction over any state law claims that he sought to raise. By failing to contest the district court's findings or to identify any error in the district court's reasoning as to the above-noted claims, Francis has abandoned the claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court granted summary judgment in favor of Lamartiniere as to Francis's claim against her in her individual capacity for failure to intervene to protect against the use of excessive force. The district court did not indicate whether it considered a declaration, made pursuant to 28 U.S.C. § 1746, that Francis filed with his objections to the report and recommendation issued by

the magistrate judge (MJ). Francis filed no other competent evidence that offered his account of the events underlying his failure-to-intervene claim.

The record establishes that there is a nonfrivolous issue for appeal as to whether the district court wrongly failed to review the declaration that Francis offered initially with his objections to the MJ's report. *See Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). The relevant circumstances suggest that it would be an abuse of discretion to exclude the declaration from consideration. *See id.* at 292-93; *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003). The declaration, which was competent evidence, *see* § 1746(2), may have been sufficient to preclude summary judgment on Francis's claim that Lamartiniere did not intervene to protect him from excessive force, *see Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

Accordingly, the IFP motion filed by Francis, who is financially eligible to proceed IFP, is granted. *See Baugh*, 117 F.3d at 202. We dispense with further briefing. We vacate in part the district court's grant of summary judgment as to Francis's claim that Lamartiniere failed to intervene to protect him from the use of excessive force and remand for the district court to consider whether Lamartiniere is entitled to summary judgment in the light of the facts asserted in Francis's declaration. The judgment of the district court is affirmed in all other respects.

IFP GRANTED; AFFIRMED IN PART; VACATED IN PART; REMANDED.