# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2020

Lyle W. Cayce
Clerk

No. 18-10534

Terrence M. Brown,

*Plaintiff—Appellant*,

*versus*

Eric D. Wilson; Ms. NFN Blakely, Administrative
Remedy Coordinator,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-182

Before Owen, *Chief Judge*, and Dennis and Haynes, *Circuit Judges*.
Per Curiam:*

Terrence M. Brown appeals the district court's dismissal of his First Amendment claim. For the following reasons, we VACATE and REMAND for further consideration consistent with this opinion.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

## I.  Background

Brown, a federal prisoner, filed this civil action alleging a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Brown argued that officials at the Federal Medical Center in Fort Worth, Texas, denied him access to inspect the Administrative Remedy indexes and responses in violation of 28 C.F.R. § 542.19.  He asserted that this amounted to a denial of his First Amendment right to petition for redress of grievances, as well as a denial of the opportunity to research his claims under *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *abrogated in part by Lewis v. Casey*, 518 U.S. 343, 354 (1996).  He also alleged that he had exhausted his administrative remedies by requesting the appropriate forms to begin the administrative remedy process ("ARP") but that he had been denied the forms and thus meaningful access to the ARP.

After granting Brown leave to proceed *in forma pauperis*, the district court sua sponte considered the exhaustion issue.  It concluded that Brown had "failed to allege facts that would support a finding that the administrative procedure was unavailable to him by reason of it being a simple dead end."  The district court further stated that Brown had made only "token efforts to pursue his administrative remedies."  It thus dismissed Brown's complaint.  Brown timely appealed.

## II.  Standard of Review

We review dismissals for failure to exhaust de novo.  *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007).  Prisoners are required to exhaust all available grievance procedures before filing suit.  *See* 42 U.S.C. § 1997e(a).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  This includes *Bivens* actions.  *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017).

No. 18-10534

### III.    Discussion

The Supreme Court has held that exhaustion is an affirmative defense, not a pleading requirement. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  "As such, it is error to dismiss a prisoner's complaint for want of exhaustion before a responsive pleading is filed unless the failure to exhaust is clear from the face of the complaint." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (per curiam).[1]

We take "a strict approach" to the exhaustion requirement. *Butts*, 877 F.3d at 582 (quotation omitted).  Therefore, "mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion." *Id.* (citation omitted).  Although we require strict compliance, "[i]nmates need not exhaust all administrative remedies, . . . only those that are 'available' to them." *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (citing cases).

It is not clear from the face of Brown's complaint that Brown failed to exhaust his administrative remedies because the record suggests that all administrative remedies were not available to him.  Brown contends that the warden told him that "he would never be allowed access" to the indexes he sought because "these tools were intended only for [Bureau of Prisons] staff."  Indeed, in his motion to alter the judgment, Brown provided support for his contention with an affidavit from Jeffery Walker, a fellow former inmate of Brown's, who was allegedly told, in response to his own request to see the indexes, "that will never happen, that is just one inmate's fantasy." We thus VACATE the district court's sua sponte dismissal of Brown's case for failure to exhaust and REMAND for further proceedings consistent with

---

[1] A district court "may not circumvent this rule by . . . requiring prisoners to affirmatively plead exhaustion." *Coleman*, 745 F.3d at 763.

No. 18-10534

this opinion; we do not reach the merits of any of the underlying assertions in the case.