# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2021

Lyle W. Cayce
Clerk

No. 20-20609
Summary Calendar

Nicholas D. Brooks,

*Plaintiff—Appellant*,

*versus*

Mutual of Omaha Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1271

Before Davis, Stewart, and Dennis, *Circuit Judges*.
Per Curiam:*

Plaintiff-Appellant Nicholas Brooks appeals the district court's grant of summary judgment against him in his breach of contract claim. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

## I. Facts & Procedural History

Brooks was formerly a semi-truck driver. In 2012, he applied for long-term disability insurance with Mutual of Omaha. He requested a ten-year benefit period. However, because his occupation only allowed for a five-year benefit period, Mutual of Omaha issued a policy with a five-year period. Brooks's signature appeared on a form authorizing this alteration to his application.

In 2013, Brooks suffered an on-the-job injury and was unable to work. He made a claim for benefits under his policy with Mutual of Omaha. He received five years of benefits.

In 2019, Brooks sued Mutual of Omaha in Harris County, Texas for breach of contract. Mutual of Omaha removed the case to federal court on the basis of diversity jurisdiction. It then moved for summary judgment. The district court held a hearing and granted the motion. Subsequently, Brooks filed a motion for reconsideration, which was denied in another hearing. Brooks now appeals the grant of summary judgment.

## II. Discussion

We review the district court's grant of summary judgment de novo. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 414 (5th Cir. 2021). "Our inquiry is limited to the summary-judgment record, and new theories not raised before the district court may not be advanced for the first time on appeal." *Id.* Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The elements of a breach of contract claim under Texas law are: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages

sustained by the plaintiff as a result of the breach.'" *Binh Hoa Le*, 990 F.3d at 415 (quoting *Smith Int'l Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). Mutual of Omaha argues that there was no breach of contract because no contract for a ten-year benefit period existed. We agree.

"[A]s in the case of all contracts, the offer and acceptance in insurance negotiations must be such as to evidence a complete agreement, or no obligations arise." *Republic Nat. Life Ins. Co. v. Hall*, 232 S.W.2d 697, 699 (Tex. 1950). Brooks indisputably applied for a ten-year benefits period. However, Mutual of Omaha provided substantial evidence demonstrating that it did not agree to the ten-year plan. First, Mutual of Omaha only issued a policy with a five-year benefits period. Brooks was not eligible for the ten-year benefits period due to his occupation per Mutual of Omaha's policy. Brooks signed a form entitled "Application Alteration Authorization" which expressly stated "I authorize and approve the following alteration/alterations of my application. 5 YEAR BENEFIT PERIOD." Brooks claims that the signature on the authorization was forged. However, Mutual of Omaha provided a laboratory report in which a handwriting expert opined that the questioned signatures were genuine. It also provided evidence that Brooks was advised over the phone in 2013 that his benefit period was only five years. Additionally, Mutual of Omaha sent letters to Brooks again stating that the maximum benefit period was five years.

Brooks did not offer competent summary-judgment evidence to create a genuine issue of material fact on whether a valid ten-year benefits period contract existed. Brooks, as a pro se litigant, is entitled to leniency, but is nevertheless required to submit competent evidence to avoid summary judgment. *See Davis v. Hernandez*, 798 F.3d 290, 293 (5th Cir. 2015). In response to Mutual of Omaha's motion for summary judgment, Brooks filed an affidavit claiming that he never agreed to change the benefit period to five years, but does not state that he never signed the Application Alteration

Authorization. Nor does he expressly state in the affidavit that the signature was forged. He additionally does not object to the handwriting expert's assessment that his signature assenting to the five-year benefit period was genuine.

Brooks also attached a 58-page telephone transcript of communications with Mutual of Omaha's customer service. Nowhere therein do Mutual of Omaha representatives state that Mutual of Omaha agreed to a ten-year benefits plan. Nor do the representatives admit to any sort of fraud or forgery. The evidence provided by Brooks is insufficient for a reasonable jury to find in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). Without competent evidence of an enforceable contract for a ten-year benefits period, Brooks cannot demonstrate a breach of contract. The district court did not err in granting summary judgment.

Brooks raises several new arguments in his appeal that he did not raise before the district court. These include conspiracy, constitutional violations, and contract defenses. However, "[a]n argument not raised before the district court cannot be asserted for the first time on appeal." *HSBC Bank USA, N.A. as Trustee for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 207 (5th Cir. 2018). We therefore decline to consider these forfeited arguments.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.