# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31049

United States Court of Appeals
Fif h Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

ELWOOD LEE,

Plaintiff – Appellant

v.

OFFSHORE LOGISTICAL AND TRANSPORT, L.L.C.,

Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

HAYNES, Circuit Judge:

Elwood Lee ("Lee") appeals the summary judgment entered against him in favor of Offshore Logistical & Transports LLC ("Offshore") on his Jones Act and maritime claims for negligence and unseaworthiness arising out of an alleged injury Lee suffered. As explained below, we VACATE and REMAND for reconsideration in light of the current Federal Rule of Civil Procedure 56.

We give only a brief discussion of the facts, because this appeal turns on the procedural ruling of the district court. Lee claims that he was employed by Offshore on its vessel, the M/V BALTY. He states that he fell while walking on the decks of the vessel. Offshore filed a motion for summary judgment challenging various aspects of Lee's proof. Ultimately, the district court concluded that Lee failed to bring forward evidence that would support a

No. 16-31049

finding of causation between Offshore's acts or omissions and Lee's injuries. In so doing, the district court discounted as inadmissible the signed but unsworn report of Captain James P. Jamison which Lee filed in the record. The district court did not make a finding that the report could not be placed in admissible form.

In discounting Captain Jamison's opinions, the district court relied on a prior version of Federal Rule of Civil Procedure 56 and cases thereunder, specifically old Rule 56(e) regarding affidavits. In 2010, Rule 56 was amended to clarify and streamline the procedures regarding summary judgment motions and to make clear the process for supporting assertions of fact and objecting thereto. *See* FED. R. CIV. P. 56, advisory committee's note to 2010 amendment ("Subdivision (c) is new. It establishes a common procedure for several aspects of summary-judgment motions . . . ."). Rule 56(c)(1) was amended to state as follows:

> **(1) *Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials
> > . . . .

FED. R. CIV. P. 56(c)(1)(A).

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial." 11 MOORE'S FEDERAL PRACTICE - CIVIL ¶ 56.91 (2017); *see also Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016) (holding

that a "proponent need only 'explain the admissible form that is anticipated'" (quoting FED. R. CIV. P. 56, advisory committee's note to 2010 amendment)); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015) (recognizing that a "court may consider . . . the content or substance of otherwise inadmissible materials where the 'the party submitting the evidence show[s] that it will be possible to put the information . . . into an admissible form.'" (alteration in original) (quoting 11 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE – CIVIL ¶ 56.91[2] (3d ed. 2015))); *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012) (determining that a district court may consider a statement "if the statement could be reduced to admissible evidence at trial or reduced to admissible form." (citation omitted)).

Thus, the rule expressly contemplates that affidavits are only one way to "support" a fact; "documents . . . declarations, [and] other materials" are also supportive of facts. FED. R. CIV. P. 56(c)(1)(A). To avoid the use of materials that lack authenticity or violate other evidentiary rules, the new rule allows a party to object "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible as evidence." FED. R. CIV. P. 56(c)(2); *see also* advisory committee's note to 2010 amendment ("The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."). The district court dismissed Captain Jamison's report solely because it was not sworn without considering Lee's argument that Captain Jamison would testify to those opinions at trial and without determining whether such opinions, as testified to at trial, would be admissible.

Before the district court, Offshore made other arguments and contentions about Captain Jamison's report that were not addressed by that court. However, no alternate ground for affirmance was briefed before our

No. 16-31049

court, and, on this record, we decline to rule upon these points in the first instance. *Cf. Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (holding that a court of appeals "*may* affirm a grant of summary judgment on any grounds supported by the record and presented to the court below" (emphasis added)); *see also Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583–84 (5th Cir. 2004) (indicating that we court cannot make a certain evidentiary evaluation for the first time on appeal). We VACATE and REMAND for consideration of the summary judgment evidence under current Rule 56 including whether the particular material to which objection is lodged can or cannot "be presented in a form that would be admissible at trial."

VACATED and REMANDED.