**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC., DBA Miss Me, a California corporation and RCRV, INC., DBA Rock Revival, a California corporation, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PHOENIX FIBERS, INC., an Arizona corporation; et al., <br><br> Defendants-Appellees. | No. 18-55036 <br><br> D.C. No. 2:16-cv-00940-TJH-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before: WARDLAW and OWENS, Circuit Judges, and DORSEY,[**] District Judge.

Sweet People Apparel, Inc. and RCRV, Inc. ("Sweet People") appeals the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

district court's grant of summary judgment in favor of Phoenix Fibers, Inc. ("Phoenix Fibers") in its breach of contract, unfair competition, and trademark infringement action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court properly granted summary judgment in favor of Phoenix Fibers because Sweet People failed to establish, with admissible evidence, its prima facie case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). After Phoenix Fibers lodged objections to the evidence that Sweet People filed with its opposition to summary judgment, Sweet People bore the burden "to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (explaining Fed. R. Civ. P. 56(c)(2)). But Sweet People failed to respond to Phoenix Fibers' objections.

Because Sweet People failed to demonstrate or explain the admissibility of its proffered evidence, the district court did not abuse its discretion in excluding Sweet People's unauthenticated deposition transcripts and emails, *see Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532–33 (9th Cir. 2011), as well as the inadmissible portions of its declarations, *see, e.g.*, Fed. R. Evid. 602, 801, from its consideration of Phoenix Fibers' motion for summary judgment. *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1051–52 (9th Cir. 2012). The district court bore no burden to "comb through the voluminous record searching for

2

evidentiary bases to introduce the evidence at issue" without Sweet People's guidance. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010). Therefore, the district court did not err in concluding that Phoenix Fibers "is 'entitled to a judgment as a matter of law' because [Sweet People] has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(a)).

2. Sweet People waived its right to challenge the district court's evidentiary rulings. "It is well established that an appellate court will not reverse a district court on the basis of a theory that was not raised below." *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991). For the first time on appeal, Sweet People attempts to respond to Phoenix Fibers' evidentiary objections and argues that the district court erroneously excluded its proffered evidence. But Sweet People "did not raise these arguments before the district court in [its] opposition to summary judgment, so they [are] waived." *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016); *see also Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1261 n.4 (9th Cir. 2016) ("We decline to address new evidence cited for the first time on appeal to seek reversal of a lower court's summary judgment determination.").

**AFFIRMED.**

3



*Sweet People Apparel, Inc. v. Phoenix Fibers, Inc.*, No. 18-55036

Dorsey, District Judge, dissenting:

I would reverse the district court's grant of summary judgment in favor of

Phoenix Fibers for two independent reasons.

1.      The district court concluded that Sweet People failed to establish a prima

facie case only because it precluded much of the evidence that Sweet People

proffered in opposition to Phoenix Fibers's motion.  In excluding this evidence, the

court applied the outdated standard that only evidence that is authenticated and

admissible in its present *form* may be considered at the summary-judgment stage.

*See Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).  But the 2010

amendment to Federal Rule of Civil Procedure 56 "eliminate[d] th[is] unequivocal

requirement" and mandates only that the *substance* of the proffered evidence

would be admissible at trial.  *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641,

644 (9th Cir. 2016); *see also* Fed. R. Civ. P. 56 advisory comm. note to 2010

amendment; *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th

Cir. 2017); *Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231,

238 (3d Cir. 2016); *Humphreys & Partners Architects, L.P. v. Lessard Design,

Inc.*, 790 F.3d 532, 538 (4th Cir. 2015); *Jones v. UPS Ground Freight,* 683 F.3d

1283, 1293–94 (11th Cir. 2012).

As in *Orr*, the district court here excluded Sweet People's deposition transcripts because they lacked a reporter's certification. *See Orr*, 285 F.3d at 774. Because the court applied an incorrect legal standard, it abused its discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). And although Sweet People had the burden of demonstrating that its evidence could be presented in an admissible form, the deposed witnesses were all listed on the parties' joint trial witness list, so it should have been apparent that the evidence's substance—the witnesses' intended trial testimony—would not have required authentication. *See Lee*, 859 F.3d at 355 (holding that the district court erred in dismissing a "report solely because it was not sworn [and] without considering [the appellant's] argument that" the report's author "would testify to those opinions at trial"); *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("[W]e need not decide whether the diary itself is admissible. It would be sufficient if the contents of the diary are admissible at trial, even if the diary itself may be inadmissible."). This case is thus distinguishable from *In re Oracle Corporation Securities Litigation*, in which the district court would have had to proactively conceive of permissible, non-hearsay applications of the proffered evidence in a record that consisted of "over 134 deposition days, countless discovery requests and answers, and over 2.1 million pages of documents." 627 F.3d 376, 385 (9th Cir. 2010) ("As the

2

experienced district judge quipped, the word 'voluminous' does not do justice to the record in this case.").

Instead of addressing the district court's application of an incorrect legal standard, the majority concludes that Sweet People waived its challenges to the evidentiary rulings by failing to respond to Phoenix Fibers's objections. But this court "will not deem [an] issue waived if the district court actually considered it." *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1054 (9th Cir. 2007). Here, the court below considered Phoenix Fibers's evidentiary objections on their merits rather than deeming Sweet People's non-response as consent to sustaining them. And "even if the precise issue we face has been raised for the first time on appeal, the waiver rule is not one of jurisdiction, but discretion. We can exercise that discretion to consider a purely legal question when the record relevant to the matter is fully developed." *United States v. Northrop Corp.*, 59 F.3d 953, 958 n.2 (9th Cir. 1995). The question of whether the court below applied the correct legal standard is purely legal, and district courts in this circuit (and the litigants who practice before them) would be well served by guidance on the continued viability of *Orr* after the 2010 amendment to Rule 56.

2.     Even if the district court had correctly excluded the three categories of evidence it addressed, I would still reverse its grant of summary judgment. Unlike the depositions and emails, which were excluded in full, the district court excluded

3

unspecified portions of the two declarations Sweet People proffered. The court then granted Phoenix Fibers summary judgment in a single concluding sentence: "After disregarding the portions of the two declarations that contained inadmissible evidence, the remaining portions were insufficient to satisfy Plaintiffs' burden of establishing a *prima facie* case for any of its' [sic] claims." But it is unclear what portions of those declarations the court deemed admissible. Additionally, Sweet People submitted evidence with its opposition beyond the depositions, emails, and declarations, such as discovery responses and invoices stemming from Phoenix Fibers's resale of its products. Phoenix Fibers objected to only some of this evidence, but the district court limited its analysis to the three categories of evidence it excluded. We therefore have no means of discerning what evidence the district court considered, so we cannot adequately review whether Sweet People presented sufficient evidence to survive summary judgment.

For these reasons, I respectfully dissent.