# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20229
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

ERIC DEMOND LOZANO,

Plaintiff−Appellant,

versus

LORIE DAVIS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:16-CV-2507

Before DAVIS, SMITH, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Eric Lozano, Texas prisoner #1915276, appeals a summary judgment on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his claimed violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and his constitutional rights to the free exercise of religion and to equal protection. Lozano contends that the defendant director discriminated against him and substantially burdened the free exercise of his Islamic faith by denying him free halal meals while simultaneously providing free kosher meals for Jewish inmates.

Lozano's free exercise claim fails. We have "already ruled that prisons need not respond to particularized religious dietary requests to comply with the First Amendment." *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007).

We also agree with the district court that Lozano failed to present evidence that he was treated differently from similarly situated inmates. *See id.* at 123 & n.6. Further, Lozano's conclusional assertion that he was treated differently on account of the defendant's discriminatory intent is insufficient to show a genuine material factual dispute, "so summary judgment in favor of the defendant[] was proper" on this claim. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 336 (5th Cir. 2009).

With respect to Lozano's RLUIPA claim, the district court concluded that Lozano failed to demonstrate a substantial burden on his religious exercise because he had been transferred to the Stringfellow Unit, where he has access to free kosher meals. Because Lozano's assertions were not declared under penalty of perjury, the court declined to consider Lozano's factual assertions in opposition to summary judgment (including that kosher meals do not meet his religious needs as a member of the Hanafi school of Sunni Islam).

The district court should have first considered whether, under the 2010 amendments to Federal Rule of Civil Procedure 56, Lozano's unsworn assertions could have been presented in an admissible form. *See Lee v. Offshore*

*Logistical & Transp., L.L.C.*, 859 F.3d 353, 354−55 (5th Cir. 2017). Such a consideration is particularly relevant where a *pro se* plaintiff's allegations form his entire response in opposition to summary judgment. *See Davis v. Hernandez*, 798 F.3d 290, 294−96 (5th Cir. 2015).

Lozano appeals the denial of his motion for appointment of counsel. In determining that Lozano had not presented exceptional circumstances, the district court did not abuse its "considerable discretion" by denying counsel. *Naranjo v. Thompson*, 809 F.3d 793, 801 (5th Cir. 2015) (internal quotation marks and citation omitted). Moreover, Lozano has adequately presented his arguments on appeal, and we agree that his case presents no exceptional circumstances. Therefore, the denial of counsel is AFFIRMED, and Lozano's motion for counsel on appeal is DENIED. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

In light of the foregoing, the summary judgment on the constitutional claims is AFFIRMED. We VACATE and REMAND the RLUIPA claim for consideration of the summary judgment evidence under current Rule 56, including whether Lozano's unsworn assertions can be presented in an admissible form. We express no view on what matters the district court can address on remand or on the ultimate merits of any issue not decided in this opinion.